IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORINE ADAMS,

                Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of the Social Security Administration,[1]

                Defendant.

OPINION and ORDER

20-cv-920-jdp

---

      Plaintiff Corine Adams seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that Adams was not disabled within the meaning of the Social Security Act. Adams contends that administrative law judge (ALJ) Trina Mengesha-Brown erred by failing to credit Adams's testimony about her symptoms and limitations. The ALJ gave good reasons for discounting Adams's testimony, and the court discerns no error in the decision, which the court will affirm.

ANALYSIS

      Adams sought benefits based on both physical and mental impairments, alleging disability beginning on September 1, 2013, when she was 35 years old. R. 15, 25.[2] In a written decision, the ALJ found that Adams suffered from six severe impairments: lumbar degenerative disc disease with disc protrusion, SI joint degenerative joint disease, right and left carpal tunnel

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

[2] Record cites are to the administrative transcript located at Dkt. 9.

syndrome status post bilateral release; anxiety disorder; depressive disorder, and obesity. R. 15. After finding that Adams's impairments weren't severe enough to meet or medically equal the criteria for any listed disability, the ALJ ascribed to Adams the residual functional capacity (RFC) to perform sedentary work with additional mental and physical restrictions. R. 18.

Based on the testimony of a vocational expert, the ALJ found that Adams was not disabled because she could perform a significant number of jobs in the national economy, including as a document preparer, addressing clerk, and final assembler (optical goods). R. 26. The Appeals Council declined review. R. 1. Adams now appeals.

On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

The ALJ summarized Adams's subjective complaints arising from her physical and mental conditions. As for her physical symptoms, Adams said that she has constant pain, trouble walking, numbness and weakness in her legs. R. 19. She cannot stand or walk for more than five minutes. Sitting causes numbness, weakness, and radiating pain down her legs. She sleeps in a recliner due to her back pain, but the pain causes her to go back and forth between the recliner and her bed several times a night. As for her mental symptoms, Adams said that she was diagnosed with anxiety and depression when she was 19. R. 20. She takes medication for her anxiety and depression.

The ALJ determined that Adams's medically determinable impairments could be reasonably expected to cause Adams's alleged symptoms. But the ALJ wasn't persuaded that Adams was as limited as she said she was. An ALJ's evaluation of the claimant's testimony is entitled to deference because the ALJ is in a special position to see, hear, and assess witnesses. *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014), *as amended* (Aug. 20, 2014). The court will overturn the ALJ's assessment of the claimant's testimony only if it is patently wrong. *Id*.

The ALJ offered the following reasons for discounting Adams's testimony about her physical impairments:

- Adams's exams revealed generally benign findings. She demonstrated normal balance, normal gait, intact strength, normal reflexes, and normal range of motion. R. 20.

- Adams uses a cane, but her recent exams showed she didn't use it consistently. R. 21.

- Adams's treatment has generally remained conservative, and she has responded well to medication for her symptoms. R. 21.

- Adams hasn't made reports of ongoing hand pain or limitations after her surgeries for carpal tunnel. R. 21.

The ALJ offered the following reasons for Adams's mental impairments:

- Adams has worked with her mental impairments, and the record didn't show that the symptoms worsened around her alleged onset date. R. 22.

- Her symptoms never required hospitalization. R. 22.

- Her symptoms have responded well to medication. R. 22.

- In her mental status exams, Adams often had a normal mood and affect. R. 22.

Adams doesn't directly challenge any of those reasons. Instead, Adams argues that the ALJ failed to address any contrary evidence, and then she quotes a long passage of her hearing testimony. Dkt. 11, at 3–9. Adams's conclusory argument is belied by the ALJ's written decision, which discusses Adams's testimony and the medical evidence quite thoroughly. Given

3

the deference due to the ALJ's evaluation of Adams's testimony, all the ALJ had to do was "provide some evidence supporting her determination." *Bates v. Colvin*, 736 F.3d 1093, 1098 (7th Cir. 2013). The ALJ did so here. This court is not allowed to reweigh the evidence. *Id*.

Adams also says that Adams's testimony is supported by the opinion of Dr. Andrew Matheus, which the ALJ discounted. Dkt. 11 at 9. The Matheus opinion would corroborate Adams's testimony, but the ALJ explained why Matheus's opinion was not persuasive, citing numerous medical records that contradicted Matheus's opinions about Adams's physical limitations. R. 24.

There is no doubt that Adams was severely limited, but the ALJ ascribed to her only the ability to do sedentary work with additional physical and mental restrictions. Adams hasn't shown any error by the ALJ in evaluating her testimony, and she asserts no other error in the ALJ's decision.

## ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered October 6, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge